UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTINA COLLINS | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | No.: 3:24cv282 (VAB) |
| | : | |
| STOVER, WARDEN FCI DANBURY | : | |
|     Respondent. | : | |

## **RESPONSE TO SHOW CAUSE ORDER**

On February 29, 2024, Petitioner filed a habeas claiming that the Bureau of Prisons ("BOP") had improperly deemed her ineligible to receive First Step Act ("FSA") time credits. ECF No. 1. Specifically, Petitioner argued that, since she did not plead guilty to distribution death resulting and as she did not receive a sentence enhancement for the death, she should be eligible to earn and apply FSA time credits.

The BOP disagrees and argues that, since there was a good faith basis for BOP to find that the sentencing court found death resulted from the use of the substances as evidenced by the base offense level utilized by that court, it was appropriate to deem her ineligible to earn and apply time credits under the FSA. However, the Court need not reach this issue as Petitioner has now been deemed eligible to apply earned FSA time credits and was released from custody on April 24, 2024. *See* Admission-Release History, attached hereto as Exhibit A.

Per Article III of the Constitution, federal judicial power only extends to "cases" and "controversies." U.S. Const. art. II, § 2. "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (citing *Spencer v. Kemna*, 523 U.S. 1, 11 (1998)). The Second Circuit has noted, in the context of released

prisoners: "[A]s a general rule, if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case." *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021) (holding case moot where prisoner requested a sentence reduction was released because court could grant no further relief); *see also Lane v. Williams*, 455 U.S. 624, 633 (1982) (holding case moot where prisoner seeking release from custody had, upon his release, "obtained all the relief that [he] sought") and *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("There is . . . no case or controversy, and a suit becomes moot, when the issues presented are no longer 'live' . . ., [when] the parties lack a legally cognizable interest in the outcome . . ., [or otherwise] when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotation marks omitted).

In her Petition, Petitioner asks this Court to order FCI Danbury to find her eligible to earn FSA credits. As the BOP has deemed Petitioner eligible to earn FSA time credits and has released her from custody, the Respondent respectfully requests that the petition be dismissed as moot.

Respectfully Submitted,

Vanessa Roberts Avery
United States Attorney


      /s/
Michelle L. McConaghy, ct27157
Assistant United States Attorney
United States Attorney's Office
District of Connecticut
157 Church Street, 24th Floor
New Haven, CT 06510

**CERTIFICATE OF SERVICE**

  I certify that on April 30, 2024, I served a full and complete copy of the foregoing response to show cause order using first class, postage-prepaid mail to:

Kristina Collins
1111 Parrish Dr
Rockville, MD 20851

              /s/
              Michelle L. McConaghy, ct27157
              Assistant United States Attorney